# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**November 3, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CAITLYN T.,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-167**     (Fam. Ct. McDowell Cnty. Case No. FC-27-2019-D-183)

**CHRISTOPHER H.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Caitlyn T. ("Mother")[1] appeals the Family Court of McDowell County's March 31, 2025, order granting her less than 50-50 parenting time. Respondent Christopher H. ("Father") and the guardian ad litem ("GAL") responded in support of the family court's decision.[2] Mother filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. For the reasons set forth below, a memorandum decision vacating the March 31, 2025, order and remanding this matter to the family court for further proceedings is appropriate under Rule 21 of the Rules of Appellate Procedure.

In a prior appeal, we provided a detailed recitation of the facts surrounding the parties' underlying custody action. *See Caitlyn H. v. Christopher H.*, No. 23-ICA-399, 2024 WL 1738282 (W. Va. Ct. App. April 22, 2024) (memorandum decision) (vacating and remanding to the family court with directions to conduct a hearing on any remaining issues, reconsider its custody ruling, and issue a new order). Thus, we will only briefly discuss the background facts of the case in this decision.

Mother and Father were divorced by an agreed final order entered on April 7, 2020. They are the parents of three children, born in 2015, 2016, and 2018, respectively. At the

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Mother is represented by Diana Carter Wiedel, Esq., and Marsha Webb Rumora, Esq. Father is represented by Anthony R. Veneri, Esq. The GAL is Patricia Kinder Beavers, Esq.

time of their divorce, the parties agreed, and the family court ordered that the children would reside with their maternal grandparents ("Grandparents") temporarily. This arrangement lasted more than two years. In late 2022, the parties filed individual petitions for modification, each seeking 50-50 custody. On December 9, 2022, Grandparents filed a petition for guardianship of the children. On December 14, 2022, Mother and Father entered an agreed order for 50-50 custody, with Grandparents receiving no custodial time.

In January 2023, one of the children disclosed to the maternal grandmother that she had been sexually abused by Father. This disclosure resulted in the maternal grandmother taking the child to the doctor for an examination. The doctor, a mandatory reporter, referred the case to Child Protective Services ("CPS"), and forensic interviews were conducted. The deputy sheriff who participated in the forensic interviews informed the prosecuting attorney that he believed the children had been coached, and CPS closed its investigation within twenty-four hours.

On February 8, 2023, Father filed an emergency petition for modification alleging that Grandparents made false claims of sexual abuse against him and requested that the children have no contact with Grandparents. The emergency hearing was conducted, and the family court ordered no contact between the children and Grandparents. A subsequent hearing was held on March 23, 2023. At that hearing, the family court ordered the parties not to speak of the sexual abuse issue around the children, and that Grandparents would continue to have no contact with them.

On May 11, 2023, the GAL filed a motion to suspend Mother's parenting time because she allegedly rehashed the sexual abuse issue with the children and had exposed the children to the maternal grandmother. Hearings were held on the GAL's motion on May 17, 2023, May 22, 2023, and June 29, 2023. The June 29, 2023, hearing was made a final hearing without notice to Mother, and her parenting time was reduced from four days per week to three weekends per month, plus one evening per week. That order was entered on August 9, 2023, and appealed to this Court by Mother on various grounds. On April 22, 2024, we issued a memorandum decision vacating and remanding with directions for the family court to conduct a hearing on any remaining issues, reconsider its custody ruling, and issue a new order. *See Caitlyn H. v. Christopher H.*, No. 23-ICA-399, 2024 WL 1738282 (W. Va. Ct. App. April 22, 2024).

On September 6, 2024, the family court conducted a status hearing pursuant to this Court's decision on remand. At that hearing, the family court appointed a new GAL upon the former GAL's motion due to his retirement. Prior to the appointment of a new GAL, the former GAL testified that he had visited with the children eight times and saw no concerns with either party's home. Also, during that hearing, the family court judge advised the parties several times that, going forward, they were not to present evidence from the past but to focus on the present.

2

On November 8, 2024, the family court conducted its final hearing on remand. At that hearing, the newly appointed GAL testified that there was no indication that either party was a threat to the children, the children were well-adjusted and thriving with the current parenting plan, and they were happy and stable in school. Despite her testimony, the GAL recommended that the current parenting plan remain in effect during the school year, with Mother receiving less than 50-50 parenting time. During summer, the GAL recommended a 4-3-3-4 schedule with two non-consecutive weeks of vacation time for each parent.

Also, during the November 8, 2024, hearing, Mother testified that Father often relied on other family members for the children's school drop-off and pick-up and that she now had a flexible work schedule and was available to assist with school drop-off, pick-up, and could attend their activities. Mother requested multiple times that the parties be restored to 50-50 parenting. The family court entered its final order on March 31, 2025, adopting the GAL's recommendations and noting that Mother testified that the current parenting schedule was in the children's best interest. The family court also found that the 50-50 presumption was rebutted by the parties' prior conduct and took judicial notice of their conduct, even though the family court ordered the parties not to address the past. The family court designated Father the primary residential parent and awarded the parties joint decision-making authority. It is from the March 31, 2025, order that Mother now appeals.

For these matters, we use the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

Mother raises two assignments of error on appeal. She first asserts that the family court erred in ignoring the statutory presumption in favor of 50-50 parenting time and in limiting her parenting time based on factors that were not raised as evidence during the November 8, 2024, hearing. Second, she contends that the family court erred in taking judicial notice in its March 31, 2025, order after failing to advise the parties of its intent to take judicial notice and after limiting the scope of the presentation of evidence to exclude evidence of the judicially noticed facts.[3] We find merit in Mother's arguments.

---

[3] Due to our decision to vacate and remand the underlying order, we do not reach Mother's argument regarding judicial notice.

Modifications of parenting plans based on a substantial change in circumstances are governed by West Virginia Code § 48-9-401 (2022), which provides, in part, that:

(a) [A] court shall modify a parenting plan order if it finds, on the basis of facts that were not known or have arisen since the entry of the prior order and were not anticipated in the prior order, that a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child.

(d) For purposes of subsection (a) of this section, the occurrence or worsening of a limiting factor, as defined in § 48-9-209(a) of this code, after a parenting plan has been ordered by the court constitutes a substantial change of circumstances and measures shall be ordered pursuant to § 48-9-209 of this code to protect the child or the child's parent.

"When a court finds a substantial change of circumstances has occurred pursuant to a petition for modification of custody, 50-50 custodial allocation is presumed to be in the best interest of the child and shall be awarded unless rebutted by a preponderance of the evidence." *Jesse C. v. Veronica C.*, No. 23-ICA-169, 2024 WL 1590468, at *3 (W. Va. Ct. App. Feb. 8, 2024) (memorandum decision). Here, the family court adopted the GAL's recommendation to modify the parenting plan to allow for the parties to share 50-50 parenting time in the summers but declined to modify the parenting plan during the school year because it was not in the best interest of the children. The family court found that the GAL and Mother agreed that the new schedule was in the best interests of the children and that it had been working well for the last year. However, the family court reiterated that Mother's prior conduct had impacted the children and that it could not disregard that impact in rendering its decision.

Following a finding of substantial change in circumstances, 50-50 custodial allocation is presumed to be in the children's best interest and can only be rebutted with a finding that a limiting factor applies. *See* W. Va. Code § 48-9-209. The family court merely stated that the "presumption is rebuttable" and that ordering 50-50 parenting time was not in the children's best interest. Such conclusory statements do not sufficiently convey the family court's factual basis or legal reasoning for its refusal to grant the parties 50-50 custodial allocation. The Supreme Court of Appeals of West Virginia has said that to properly review an order of a family court:

[t]he order must be sufficient to indicate the factual and legal basis for the [family court's] ultimate conclusion so as to facilitate a meaningful review of the issues presented. *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996); *see also Nestor v. Bruce Hardwood Flooring, L.P.*, 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court

4

is to determine whether the circuit court's reasons for its order are supported by the record.") "Where the lower tribunals fail to meet this standard – *i.e.* making only general, conclusory, or inexact findings – we must vacate the judgment and remand the case for further findings and development." *Province*, 196 W. Va. at 483, 473 S.E.2d at 904.

*Collisi v. Collisi*, 231 W. Va. 359, 364, 745 S.E.2d 250, 255 (2013).

Accordingly, we vacate the March 31, 2025, order and remand this matter to the family court with directions to enter an order with sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review in accordance with West Virginia Code § 48-9-102a, § 48-9-401, and § 48-9-209. The March 31, 2025, final order is hereby converted to a temporary custodial allocation order and will remain in place until the entry of a new order consistent with this decision is issued by the family court.[4]

Vacated and Remanded with Directions.

**ISSUED:** November 3, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[4] Upon remand, the family court may reach the same conclusion. However, the family court must provide findings of fact and conclusions of law detailing how the presumption of 50-50 custody was rebutted. It is the burden of the party who opposes the allocation of equal custodial time to rebut the 50-50 presumption. *See Jesse C. v. Veronica C.*, No. 23-ICA-169, 2024 WL 1590468 (W. Va. Ct. App. Feb. 8, 2024) (memorandum decision).